**UNITED STATES of America, Appellee,**

v.

**Yvonne MELENDEZ–CARRION, Hilton Fernandez-Diamante, Luis Alfredo Colon Osorio, Filiberto Inocencio Ojeda Rios, Isaac Camacho–Negron, Orlando Gonzales Claudio, Elias Samuel Castro–Ramos and Juan Enrique Segarra Palmer, Defendants,**

**Filiberto Inocencio Ojeda Rios and Juan Enrique Segarra Palmer, Defendants–Appelalnts.**

**Docket Nos. 87–1007, 87–1079.**

United States Court of Appeals, Second Circuit.

Jan. 12, 1988.

JON O. NEWMAN, Circuit Judge, with whom OAKES and KEARSE, Circuit Judges, concur, dissenting from denial of rehearing in banc:

The appellants' suggestion for a rehearing in banc alleges a significant conflict between the panel's opinion upholding the preventive detention of Ojeda Rios and Segarra Palmer, *United States v. Melendez–Carrion (Ojeda Rios)*, 820 F.2d 56 (2d Cir. 1987) (hereinafter "*Ojeda Rios*"), and a prior panel's opinion in *United States v. Gonzales Claudio*, 806 F.2d 334 (2d Cir. 1986), which held that the duration of pretrial detention of two co-defendants of Ojeda Rios and Segarra Palmer exceeded constitutional limits. I respectfully dissent from the denial of rehearing in banc because "consideration by the full court is necessary to secure or maintain uniformity of its decisions," Fed.R.App.P. 35(a)(1), and because the divergence between the opinions of the two panels in assessing governmental responsibility for pretrial delay creates needless uncertainty on the important issue of when the duration of preventive detention has exceeded constitutional limits.

In *Gonzales Claudio*, we ruled that whether the duration of pretrial detention because of a risk of flight exceeds constitutional limits depends on a composite assessment of at least three factors: the length of the detention, the extent to which the prosecution bears responsibility for the delay of the trial, and the strength of the evidence indicating a risk of flight. 806 F.2d at 340. As to the two defendants challenging their detention on that appeal, we held that constitutional limits had been exceeded by detention lasting fourteen months and remanded for the setting of reasonable conditions of release. With respect to the second of the three pertinent factors, we concluded that "the Government, even if not deserving of blame, bears a responsibility for a portion of the delay

significant enough to add considerable weight to the defendants' claim that the duration of detention has exceeded constitutional limits."[1] 806 F.2d at 342–43. That conclusion was based on four facts that we understood were undisputed:

(a) the prosecution did not complete the task of translating wiretaps until *nine months* after detention began;

(b) the prosecution did not complete the task of translating seized documents until *one year* after detention began;

(c) the prosecution did not disclose the existence of videotapes of the defendants until *ten months* after detention began;

(d) the prosecution had not completed compliance with Fed.R.Crim.P. 16 discovery requests as of *fourteen months* after detention began.

After the remand in *Gonzales Claudio,* seven codefendants moved for release from pretrial detention. Judge Clarie granted the motion with respect to five co-defendants, but denied the motions of Ojeda Rios and Segarra Palmer.[2] In making the latter rulings, Judge Clarie accepted as "the rule of the case" the Court of Appeals' conclusion in *Gonzales Claudio* concerning the prosecution's responsibility " 'for a portion of the delay significant enough to add considerable weight' " to the constitutional claim. *United States v. Gerena,* Crim. No. H–85–50, slip op. at 10 (D.Conn. Dec. 22, 1986) (quoting *Gonzales Claudio,* 806 F.2d at 342). Judge Clarie concluded that the prosecution's responsibility for delay and the length of detention were outweighed by the strength of the evidence indicating risk of flight.

The panel opinion affirming Judge Clarie's decision proceeds somewhat differently. It maintains that Judge Clarie "made extensive findings of fact that, in effect, largely absolved the prosecution from responsibility for the delay in bringing appellants to trial." *Ojeda Rios, supra,* 820 F.2d at 60. "[A]ssisted by the additional findings supplied by the district court," the panel "determined that the prosecution is not responsible for a significant portion of the delay in bringing appellants to trial, and we therefore conclude that this factor weighs in favor of a finding that appellants' due process rights are not violated by their continued pretrial detention." *Id.* Ultimately the panel affirmed, relying on both the absence of prosecution responsibility for trial delay and the strength of the evidence concerning risk of flight. *Id.* at 61–62. These factors were deemed to outweigh the significance of the duration of pretrial confinement, which was nineteen months as of the date the *Ojeda Rios* appeal was argued and now exceeds twenty-eight months.

Though Judge Clarie did not purport to disturb the conclusion of the *Gonzales Claudio* panel that the prosecution bore responsibility for a significant portion of the pretrial delay, he did observe that "the record on which the second circuit relied for its determination as to the government's fault for the delay was both factually imprecise and incomplete." Slip op. at 9.

---

**1.** As another panel of this Court has pointed out, "[W]hen the government moves for pretrial detention it has an obligation to arrange for the trial as quickly as possible, using 'extraordinary means' if necessary." *United States v. Jackson,* 823 F.2d 4, 8 (2d Cir.1987) (quoting *United States v. Salerno,* 794 F.2d 64, 79 n. 2 (2d Cir. 1986) (Feinberg, C.J., dissenting), *rev'd on other grounds,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987)). The *Jackson* panel said it was writing "to make completely clear that we will not view this obligation of the government lightly." 823 F.2d at 8.

**2.** Ojeda Rios and Segarra Palmer had originally been held in pretrial detention without bail on grounds of both risk of flight and dangerousness. On a prior appeal, a divided panel ruled that their detention on the ground of dangerousness was unconstitutional. *United States v. Melendez-Carrion,* 790 F.2d 984 (2d Cir.1986). As a member of the panel majority, I concluded that detention for dangerousness violated substantive due process; Chief Judge Feinberg concluded that detention for dangerousness violated due process under the circumstances of detention that had then lasted eight months. The Government did not seek to have that decision reviewed by the Supreme Court. Subsequently, the constitutionality of detention on the ground of dangerousness was upheld by the Supreme Court against a facial substantive due process challenge. *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), *rev'g* 794 F.2d 64 (2d Cir.1986).

In support of this statement, he added a note identifying four disagreements with what had been said in *Gonzales Claudio.* It is the contents of this note on which the *Ojeda Rios* panel relies in reaching its conclusion that the prosecution is *not* responsible for a significant portion of the pretrial delay. Before examining the content of that note in detail, I observe that it makes a slight alteration in just one of the four facts that were set forth in *Gonzales Claudio* as providing an undisputed basis for concluding that the prosecution was responsible for a significant portion of the pretrial delay. *Gonzales Claudio* had stated that the prosecution took one year to complete the task of translating seized documents. Judge Clarie's note says that the task was completed in ten months. Nothing in Judge Clarie's note casts any doubt on the other three pertinent facts: that the prosecution took nine months to translate the wiretaps, took ten months to disclose the existence of videotapes of the defendants, and had not completed compliance with Rule 16 discovery requests as of fourteen months after detention began.

The balance of Judge Clarie's note does not alter the undisputed facts of prosecution responsibility for a significant portion of the pretrial delay. First, Judge Clarie points out that *Gonzales Claudio* had placed the duration of wiretapping at twenty-four months. Judge Clarie states that the duration was sixteen months. Obviously, a somewhat shorter duration of wiretapping prior to arrest does not lessen the prosecution's responsibility for the undisputed nine-month delay in translating the wiretapped conversations after arrest.

Second, Judge Clarie challenges the *Gonzales Claudio* observation that the need for translations arose because the prosecution insisted on indicting the defendants in Connecticut and resisted their motion to transfer the case to Puerto Rico. Though this aspect of the controversy formed no part of the four undisputed facts on which the *Gonzales Claudio* panel relied, I acknowledge that the observation concerning the site of the prosecution was somewhat overstated. Judge Clarie is quite correct in pointing out that a trial in Puerto Rico would have been conducted in English, thereby necessitating translation of all trial *evidence.* It remains true, however, that prosecution in Connecticut has substantially increased the amount of required translation and the consequent trial delay. In Puerto Rico, of the vast quantity of wiretaps and seized documents, translation would have been required only for the relatively small portion that the prosecution and the defense would place into evidence. In Puerto Rico, lawyers fluent in Spanish would not have needed translation of the balance of these materials. In Connecticut, the many defense counsel who are not fluent in Spanish have needed translations of the wiretaps and seized documents not intended for use as evidence in order to identify those items pertinent to preparing pretrial challenges, including claims of lack of wiretapping minimization and seizures of unreasonable scope.

Third, Judge Clarie challenges the *Gonzales Claudio* observation that the prosecution could have shortened the time for the translation task by devoting more resources. Judge Clarie points out that the defense contributed to the delay by requesting an opportunity to make its own translations of the tapes, a task that consumed more time than the nine months taken by the prosecution. Whatever portion of the delay in securing the defendants' translations of the tapes is attributable to the defense, the prosecution's nine-month delay in securing its translations remains undisputed. Though Judge Clarie expresses the view that the Government devoted adequate resources to this task, that is a conclusion of law on which reasonable minds may differ.

From Judge Clarie's note, the *Ojeda Rios* panel distilled the following:

> Judge Clarie specifically found, *inter alia,* that the prosecution had completed its translation of seized documents in a timely manner and that the defense was responsible for the delay in translating documents, that the need to translate documents and surveillance tapes arose independently of the prosecution's opposition to transferring the case to Puerto

Rico, and that the defense's, rather than the prosecution's, efforts to obtain multiple translations of surveillance tapes had contributed significantly to the delay. 820 F.2d at 60.

In fact, Judge Clarie did not make any finding as to whether the prosecution had translated the seized documents in a "timely manner." He stated only that the task had taken ten months, not the twelve months stated in *Gonzales Claudio.* Nor did Judge Clarie find that the defense was responsible for "the delay" in translating documents; he stated that the defense took fifteen months to translate documents, but he never disputed that the prosecution took ten months to translate the documents it wished to have translated. Judge Clarie's observation about the significance of prosecution in Connecticut concerned only the need in any event to translate evidence; there was no dispute that translation of the vast quantity of tapes and documents *not* to be offered into evidence would not have been necessary in Puerto Rico. Unquestionably the defense contributed to the delay in translating the wiretaps, but Judge Clarie did not question that the prosecution took nine months for this task.

I fully accept every statement of fact Judge Clarie has made concerning the causes of the pretrial delay. What emerges from a careful reading of his opinion is that the four facts bearing on prosecution responsibility for a portion of delay, stated to be undisputed in *Gonzales Claudio,* remain undisputed with one minor adjustment:

(a) the prosecution took *nine months* to translate the wiretaps;

(b) the prosecution took *ten months* (not twelve months) to translate the seized documents;

(c) the prosecution delayed *ten months* in disclosing the existence of videotapes of the defendants;

(d) the prosecution had not completed compliance with Rule 16 discovery re-

quests as of *fourteen months* after detention began.

These four undisputed facts still show, as they did when *Gonzales Claudio* was decided, that the prosecution bears "a responsibility for a portion of the delay significant enough to add considerable weight" to the defendants' due process claim. 806 F.2d at 342–43. Yet the *Ojeda Rios* panel concludes that the prosecution is "not responsible for a significant portion of the delay" and that this factor "weighs in favor of a finding" that continued detention *does not exceed* due process limits. 820 F.2d at 60. I acknowledge that Judge Clarie's opinion may be read to provide some basis for concluding that the *degree* of prosecution responsibility for pretrial delay is slightly less than appeared to the *Gonzales Claudio* panel. But the undisputed facts still show a significant prosecution responsibility for delay. This factor continues to weigh in favor of a finding that continued detention *does exceed* due process limits.

It would be premature to venture a view at this time as to whether, in light of all the pertinent factors, the duration of pretrial detention, which has now lasted twenty-eight months, exceeds constitutional standards. But we ought not to let stand two conflicting conclusions from undisputed facts as to whether one of the pertinent factors, governmental responsibility for pretrial delay, adds weight to the due process claim. To resolve the conflict, I would grant a rehearing in banc.[3]

---

**3.** Undoubtedly the issue of the constitutional time limits on pretrial detention will again confront this Court. If it arises again in this case, I would hope that the District Court will provide detailed findings concerning the time periods of pretrial delay attributable to the prosecution.